# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AMY J. COCHRAN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0032** (BOR Appeal No. 2048617)
                    (Claim No. 2013014879)

**EAGLE HOSPITALITY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amy J. Cochran, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eagle Hospitality, LLC, by James W. Heslep and Gary W. Nickerson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 20, 2013, in which the Board affirmed a July 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 5, 2012, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cochran, a waitress, alleges that she injured her left wrist in the course of her employment on October 14, 2012, while carrying a heavy tray. Treatment notes by P. Kent Thrush, M.D., from October 15, 2012, through October 22, 2012, indicate Ms. Cochran reported that she injured her wrist moving a golf cart a few weeks prior but it was not an acute, severe pain episode. Dr. Thrush stated that the injury may be related to carrying trays at work and referred her to Jaiyoung Ryu, M.D. Dr. Ryu's treatment notes also indicate that Ms. Cochran injured her left wrist while pushing a golf cart on October 2, 2012. He stated that carrying heavy trays at work could have contributed to the pain. In his February 27, 2013, diagnosis update, Dr.

1

Ryu indicated a primary diagnosis of articular cartilage disorder of the forearm and a secondary diagnosis of wrist sprain/strain. He again stated that Ms. Cochran initially injured her wrist pushing a golf cart on October 2, 2012. He also stated that she carries heavy trays in the course of her employment which could be a contributing factor.

Ms. Cochran testified in an April 10, 2013, deposition that she was lifting a tray onto her shoulder when she felt a pop in her left wrist. Her wrist was sore after the injury and she later sought medical treatment. She was placed in a cast for six weeks and has changed positions at her place of employment. She stated that she helped to move a golf cart approximately two weeks prior to her work-related injury, and she reported the activity to her doctors. She asserted that she did not injure her wrist while moving the golf cart; however, she also stated that she did feel a dull ache in her wrist the following day.

The claims administrator rejected the claim on December 5, 2012. The Office of Judges affirmed the decision in its July 15, 2013, Order. It found that a preponderance of the evidence failed to show that Ms. Cochran injured her left wrist in the course of her employment. The treatment notes of Drs. Thrush and Ryu indicate that she repeatedly reported injuring her wrist on October 2, 2012, while pushing a golf cart. Dr. Thrush stated that carrying trays may have been a contributing factor. The Office of Judges found that Ms. Cochran admitted to feeling pain after the October 2, 2012, golf cart injury. The discomfort continued until her allegedly work-related October 14, 2012, injury. The Office of Judges concluded that carrying heavy trays may have contributed to the left wrist condition but it did not cause the injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 20, 2013, decision.

On appeal, Ms. Cochran argues that a prior injury does not prevent her from sustaining a new injury in the course of her employment. Eagle Hospitality, LLC, asserts that Ms. Cochran sustained a non-work-related injury to the same body part immediately prior to reporting the allegedly work-related injury and has failed to sustain her burden of proof to show that her injury was work-related. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Cochran's left wrist injury did not occur in the course of and as a result of her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum